TORBERT, Chief Justice.
The contestants to the will of Robert L. Seale appeal from a summary judgment in favor of the proponents in a will contest alleging lack of proper execution and lack of testamentary capacity. The original complaint also alleged undue influence in the execution of the will; however, the contestants do not appeal from the grant of summary judgment on this claim.
The will in question was executed in December of 1976 by Robert L. Seale. The property owned by the testator was left to his niece’s husband and her three sons: Charles, Frank, A.H., and John A. Vanland-ingham. The contestants are two nieces and a nephew of the testator: Daisy Parmer Green, Frances McMillan, and Joseph Parmer.
As has been stated repeatedly in our cases, a motion for summary judgment is properly granted only if there is no genuine issue as to any material fact. Butler v. Michigan Mutual Ins. Co., 402 So.2d 949 (Ala.1981). Under this rule, “no summary judgment can be granted if a scintilla of evidence exists to support the non-movant’s position.” Payne v. Alabama Cemetery Ass’n, Inc., 413 So.2d 1067, 1071 (Ala.1982). Further, we have held:
“Rule 56(e), Alabama Rules of Civil Procedure, however, provides that once a motion for summary judgment has been made and supported as required by the rule, the motion is to be granted unless the adverse party makes an evidentiary or factual showing in opposition to show that there is a genuine issue of fact for trial.”
Butler, supra at 951.
In the case before us, the proponents of the will offered copies of the will and affidavits of both witnesses to the will. These affidavits stated that the will was properly executed by the testator and that in their opinion he was of sound mind at the time the will was executed. The witnesses were Everette A. Price, the attorney who prepar *93 ed the will, and his secretary, Frances S. Johnson. The proponents also produced the depositions of Charles, Frank and John Vanlandingham, which supported their contention that Robert L. Seale was of sound mind at the time the will was executed.
In opposition to the motion for summary judgment by the proponents, the contestants offered affidavits and depositions of various parties.
First, an affidavit by Dr. W.W. Eddins was offered which stated in part “it is possible that this condition [generalized ar-teriosclerotic changes with cerebral ische-mia] could have affected Seale’s mental faculties.” This is the only information offered by Dr. Eddins in his affidavit which is relevant to any of the claims. In his deposition, Dr. Eddins went on to state that he had no independent knowledge of the condition of the testator, that he had based his conclusions in the affidavit on a review of hospital records, that he had never met the testator or spoken with him, and that he could not give a medical opinion as to his mental condition at the time the will was executed.
Second, the affidavit and deposition of Daisy Parmer Green were offered. Green was of the opinion that an attorney could not sign as a witness to a will, and, therefore, that the will was improperly executed. She also stated that the signature on the will did not look like Seale’s signature, although she had not seen him sign anything since approximately 1966. She also stated that she had no other evidence to indicate that Seale had not signed the will. In her affidavit, Green indicated that an erroneous reference in the will to Seale’s great-niece rather than his niece would not have been made “if he had had a sound mind.”
Finally, the depositions of Joseph Parmer and Frances McMillan were offered. After reviewing these depositions, we are of the opinion that neither of these witnesses offered any evidence relevant to any of the grounds of the will contest.
After reviewing the depositions and affidavits presented, we agree with the trial court that the contestants failed to produce a scintilla of evidence to support their claims.
The contestants have argued at length on appeal two additional points which they say indicate this is not the will of Robert L. Seale. First, they point to a conflict between the date of the will, December 10, 1976, and the date of a memo in the attorney’s files concerning the execution of the will, December 2, 1976. We are of the opinion that this conflict does not constitute evidence supporting the contestants’ claims.
Second, in her deposition, one of the witnesses to the will, Frances Johnson, was somewhat confused about whether Robert L. Seale was a black man or a white man. The attorney and Frances Johnson, his secretary, went to Milton, Florida, to deliver the will to Mr. Seale and to obtain his signature on the document. The secretary had also witnessed another will at the home of another party. She stated, “I might have the two mixed up.” Again, we are of the opinion that this did not constitute a scintilla of evidence that the signature was not Robert L. Seale’s signature.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
MADDOX, JONES, SHORES and BEAT-TY, JJ., concur.